**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Blvd., Ste. 300
Wayne, NJ 07470
Phone: (973) 256-9000
Fax: (973) 256-9001
*Attorney for Defendant Vanya Tyrrell*

| | | |
|---|---|---|
| EVELIN APARICIO, | ) | |
| | ) | **UNITED STATES DISTRICT** |
| Plaintiff, | ) | **COURT FOR THE DISTRICT OF** |
| | ) | **NEW JERSEY** |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| COPPER RIVER SALON, LLC; | ) | |
| BARBARA WEIGAND; ROBERT | ) | **NOTICE OF REMOVAL** |
| CUMMING, VANYA BURKE TYRRELL; | ) | |
| JOHN DOES ## 1-5, AND JOHN DOES | ) | *Document Filed Electronically* |
| ## 6-10, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Vanya Tyrrell[1] hereby removes this case to the U.S. District Court of New Jersey from the Superior Court of New Jersey, Mercer County (the "Superior Court Action"). Defendant Tyrrell removes this case on the grounds of federal question jurisdiction. In support of removal, Defendant Tyrrell states as follows:

**A.   REMOVAL IS TIMELY**

1.     On November 24, 2020, Plaintiff Evelin Aparicio commenced the Superior Court Action by filing her Complaint styled *Evelin Aparicio v. Copper River Salon, LLC; Barbara Weigand, John Does ## 1-5, and John Does ## 6-10.*[2]

2.     On January 4, 2021, Plaintiff filed her First Amended Complaint ("FAC"),[3] joining Defendant Tyrrell and Defendant Robert Cumming to the action.

---

[1] Defendant Tyrrell was misidentified in the First Amended Complaint as "Vanya Burke Tyrrell," however, Defendant Tyrrell's middle name is not Burke.
[2] The complaint is titled in full as "Collective Action Complaint & Jury Demand."
[3] The complaint is titled in full as "First Amended Collective Action Complaint & Jury Demand."

3. On January 6, 2021, Defendant Tyrrell received a packet by certified mail which included a copy of the First Amended Complaint and a summons.

4. On January 25, 2021, Defendants Copper River Salon, LLC, and Barbara Weigand filed an answer. A copy of the answer filed by Defendants Copper River Salon, LLC, and Barbara Weigand is attached as **Exhibit A**.

5. As a later-served defendant, Defendant Tyrrell is entitled to thirty (30) days from the date of proper service to seek removal. *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 343 (D.N.J. 2001) ("[A]s a later-served defendant, Defendant [] is entitled to thirty days from the date of proper service of process to seek removal.").

6. Removal is timely because this notice is filed within thirty (30) days of Defendant Tyrrell having received a copy of the First Amended Complaint and summons.[4] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

**B.    VENUE**

1. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue in the U.S. District Court of New Jersey is proper because the district and division embrace the Superior Court of New Jersey, Mercer County, where this action is currently pending.

---

[4] Although Defendant Tyrrell's removal deadline, as a later-served defendant, may not have triggered from her receipt of the complaint and summons by certified mail, N.J. R. 4:4-4(c), Defendant Tyrrell is promptly removing this action to avoid any doubt as to the timeliness of the removal.

C.   **FEDERAL QUESTION JURISDICTION**

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1441 because Plaintiff has asserted claims, Counts IV and V, under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201 *et seq.*, which arises under the laws of the United States. *See* 28 U.S.C. § 1441(c).

2. This Court may exercise supplemental jurisdiction over Plaintiff's other claims because the claims are so related to the Plaintiff's FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

3. Plaintiff has filed this putative class action asserting that Defendants are liable to her by virtue of their purported actions related to her wages and one or more retirement plans. Specifically, the underlying facts for all claims asserted in the First Amended Complaint stem from Plaintiff's allegation that she and others similarly situated to her were employees of the Copper River Salon, LLC (the "Company"), FAC ¶ 3, for which:

   i. Defendants Weigand and John Doe ##1-5 purportedly provided "payroll services and retirement counseling services," FAC ¶ 4; and

   ii. Defendant Cumming purportedly provided "financial services[,] . . . including the development of one or more Company employee retirement plan(s)," FAC ¶ 5; and

   iii. Defendant Tyrrell purportedly provided "accounting and bookkeeping services[,] . . . including . . . "payroll services and the funding of one or more Company employee retirement plan(s)[,]" FAC ¶¶ 6; and

   iv. John Doe Defendants ##6-10 purportedly "participated in and/or were responsible for the forming, selling, funding, and accounting for one or more [Company]

employee retirement plan(s)." FAC ¶ 7, 17, 19, 21, 25, 28, 33, 38, 40, 44, 48, 51, 53, and 56.[5]

4. Because Plaintiff asserts claims that arise under the laws of the United States, this Court has original jurisdiction over this action, *see* U.S.C. § 1441(c), and this action is therefore removable, *see* 28 U.S.C. § 1441(a).

**D. COMPLIANCE WITH THE RULE OF UNAMINITY**

1. Defendants Copper River Salon, LLC, and Barbara Weigand consent to the removal of this action. A copy of the email exchange memorializing this consent as between Counsel for Defendant Tyrrell and Counsel for Defendants Copper River Salon, LLC and Barbara Weigand is attached as **Exhibit B**.

2. Defendant Cumming's consent is not required because, on information and belief, he has not be served as of the date of removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal").

3. The consent of Defendants John Does ##1-5 and #6-10 is not required because they are unknown persons or entities. *Granovsky*, 631 F. Supp. 2d at 563 ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown . . . party[.]")

4. Because Defendants Copper River Salon, LLC and Barbara Weigand consent to the removal, and consent from the other co-defendants is not required, the rule of unanimity is satisfied. *See* 28 U.S.C. § 1446(b)(2)(A).

---

[5] It appears that Count V is only as against Defendants Copper River Salon, LLC, Barbara Weigand, and John Doe Defendants ##6-10, FAC ¶¶ 26-27, while the rest of the counts are as against all Defendants.

E.  **COMPLIANCE WITH OTHER PROCEDURAL REQUIREMENTS**

1.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant Tyrrell are attached as **Exhibit C**.

2.  In accordance with 28 U.S.C. § 1446(d), and as reflected by the Certificate of Service, Defendant Tyrrell will simultaneously file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Mercer County, and will provide written notice of the filing of this Notice of Removal to Counsel for Plaintiff, and Defendants Copper River Salon, LLC and Barbara Weigand.

F.  **CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendant Tyrrell removes this action to this Court from the Superior Court of New Jersey, Mercer County, and request that this Court assume full jurisdiction over the matter as provided by law.

Dated: February 5, 2021                                    Respectfully submitted,


**Schoeman Updike Kaufman & Gerber LLP**
*Attorney for Defendant Vanya Tyrrell*


By:  */s/ Ola A. Nunez*
     Ola A. Nunez

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Mercer County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Vanya Tyrrell's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorney for Defendant Vanya Tyrrell*

By: /s/ Ola A. Nunez
　　　Ola A. Nunez

Dated:  February 5, 2021

## **CERTIFICATE OF SERVICE**

The certify that I have, on this date, served a true and correct copy of the foregoing Notice of Removal, with exhibits, by filing it on the Court's e-Filing System, and by sending it via U.S. Mail, postage prepaid, and email to the following:

Roger Martindell
245 Nassau Street
Princeton, NJ 085340
(609) 921-3355
martindell.law@gmail.com

*Attorney for Evelin Aparicio*


James P. Manahan
Bernstein & Manahan, LLC
3131 Princeton Pike, Bldg. 4, Ste. 206
Lawrenceville, NJ 08648
(609) 895-9001
james@manahan.com

*Attorney for Defendants Copper River Salon, LLC, and Barbara Weigand*

I further certify that I have, on this date, filed a true and correct copy of the foregoing Notice of Removal with the Clerk of the Superior Court of New Jersey, Mercer County.


                                                **Schoeman Updike Kaufman & Gerber LLP**
                                                *Attorney for Defendant Vanya Tyrrell*


Dated: February 5, 2021                By:  */s/ Ola A. Nunez*
                                                    Ola A. Nunez