# EXHIBIT A

**Bernstein & Manahan, LLC**
James P. Manahan, Esquire
Attorney Id# 027801983
3131 Princeton Pike, Bldg. 4, Suite 206
Lawrenceville NJ 08648
Tel:  609.895.9001
Fax:  609.895.9002
*Attorneys for Defendants Copper River Salon, LLC and Barbara Weigand*

|  |  |
|---|---|
|  | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>Civil Action |
| EVELIN APARICIO, individually and on behalf of all similarly situated present and former employees of the Defendants herein, pursuant to N.J.S.A. 34:11-56a25 and 29 U.S.C. § 216(b),<br><br>    Plaintiffs,<br><br>v.<br><br>COPPER RIVER SALON, LLC; BARBARA WEIGAND, JOHN DOES #1-5, AND JOHN DOES #6-10, jointly, severally and individually,<br><br>    Defendants. | DOCKET NO. MER-L-002151-20<br><br><br><br><br><br><br><br><br>**ANSWER, SEPARATE DEFENSES, CROSS CLAIM OF DEFENDANTS, COPPER RIVER SALON, LLC AND BARBARA WEIGAND, INDIVIDUALLY** |

Copper River Salon, LLC, a New Jersey Limited Liability Company and Barbara Weigand, an individual, by way of answer to the First Amended Collective Action Complaint (herein after "First Amended Complaint") of Plaintiff, Evelin Aparicio (hereinafter "Plaintiff") says as follows:

## Count I

**(Violation of the New Jersey Wage and Hour Law)**

1. Admitted.

2. Admitted.

3. Neither admitted nor denied and Plaintiff is left to her proofs.

1

4. Admitted.

5. This allegation is not within the answering Defendants' knowledge. Therefore, it is denied, and Plaintiff is left to her proofs.

6. This allegation is not within the answering Defendants' knowledge. Therefore, it is denied, and Plaintiff is left to her proofs.

7. This allegation is not within the answering Defendants' knowledge. Therefore, it is denied, and Plaintiff is left to her proofs.

8. Admitted, except that Plaintiff's job title was Hair Assistant.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. It is admitted that Plaintiff requested the described information. Otherwise, the allegations set forth in this Paragraph 15 are denied.

16. Denied.

## Count II

### ON BEHALF OF SIMILARLY SITUATED EMPLOYEES

(Violation of the Wage Provisions of the
New Jersey Wage and Hour Law, <u>N.J.S.A</u>. 34:11-56a25)

17. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

18. Denied.

## Count III

**(Violation of the New Jersey Wage Payment Law,
N.J.S.A. 34:11-4.1 et seq.)**

19. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

20. Denied.

## Count IV

**(Violation of the Fair Labor Standards Act, 29,U.S.C. § 201 et seq.)**

21. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

22. Denied.

23. Denied.

24. Denied.

## Count V

**ON BEHALF OF SIMILARLY SITUATED EMPLOYEES**

**(Violation of the Fair Labor Standards Act,
Pursuant to N29,U.S.C. § 201 et seq.)**

25. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

26. Denied.

27. Denied.

## Count VI

### (Legal and Equitable Fraud)

28. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## Count VII

### (Violation of the New Jersey Consumer Fraud Act, N.J.S.A 56:8-2 et seq.)

33. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## Count VIII

### (Conversion)

38. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

39. Denied.

## Count IX

### (Breach of Fiduciary Duty)

40. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

41. The allegations set forth and contained in Paragraph 41 are admitted. However, it is denied that answering Defendants have any responsibility or liability for any claims or damages alleged by Plaintiff in her pleading.

42. Denied.

43. Denied.

## Count X

### (Breach of Contract)

44. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

45. The allegations set forth and contained in Paragraph 41 are admitted. However, it is denied that answering Defendants have any responsibility or liability for any claims or damages alleged by Plaintiff in her pleading.

46. Denied.

47. Denied.

## Count XI

### (Breach of the Covenant of Good Faith and Fair Dealing)

48. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

49. Denied.

50. Denied.

## Count XII

### (Negligent Misrepresentation)

51. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

52. Denied.

## Count XIII

### (Unjust Enrichment)

53. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

54. Denied.

55. Denied.

## Count XIV

### (Restitution)

56. Defendants incorporate the preceding paragraphs of this pleading as if set forth at length herein.

57. Denied.

WHEREFORE, Defendants, Copper River Salon, LLC and Barbara Weigand hereby request judgment dismissing Plaintiff's First Amended Complaint with prejudice, for costs of suit, attorney's fees and such other and further relief as the Court may deem just and proper.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's causes of action are barred by the applicable statutes of limitations or repose.

### THIRD SEPARATE DEFENSE

Plaintiff's cause of action is barred by the doctrines of res judicata or fraud.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification and/or laches.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims may be barred by the entire controversy doctrine.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims against Defendants are barred by the doctrines of waiver, release and/or set off.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are frivolous, and Defendants reserve the right to seek counsel fees and costs from Plaintiff.

## EIGHTH SEPARATE DEFENSE

Defendants hereby adopt the Separate Defenses heretofore and hereinafter asserted by all parties to the extent such defenses are not otherwise set forth herein.

## NINTH SEPARATE DEFENSE

The damages alleged by Plaintiff were caused by a third party or parties, the acts or omissions of whom Defendants are not responsible.

## TENTH SEPARATE DEFENSE

The Doctrines of Laches, Waiver, Avoidable Consequences, Estoppel, and/or failure to exhaust administrative remedies may act to ban Plaintiff's claims.

## ELEVENTH SEPARATE DEFENSE

Defendants' conduct was not the proximate cause of damages alleged by Plaintiff.

## TWELFTH SEPARATE DEFENSE

Claims against Defendants for costs of suit and/or attorney's fees are improper in this action.

## THIRTEENTH SEPARATE DEFENSE

Defendants at all times relevant to this action acted in good faith and without fraud, malice or any intent to damage or harm Plaintiff.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovery by reason of failure to mitigate or avoid any of the alleged damages referred to in Complaint.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims against Defendants are subject to setoff and recoupment and therefore must be reduced accordingly.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff lacks standing to pursue some or all claims.

### EIGHTEENTH SEPARATE DEFENSE

Although Defendants deny that they are liable as described in the First Amended Complaint, in the event that Defendants are found liable, they are entitled to an offset against any such liability on their part for the equitable share of the liability of any person or entity not joined as a defendant in this action that would be liable to such Defendants.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's claims for indemnification are barred since any alleged liability of Defendants, who denies such claims, would be secondary, indirect, passive, precarious, constructive, technical and/or imputed, and the liability of Plaintiff is direct, active and primary.

## TWENTIETH SEPARATE DEFENSE

Defendants hereby give notice that they intends to rely on such other affirmative defenses as may become available or apparent during the course of discovery and reserve the right to amend this pleading to assert any such defenses.

## TWENTY-FIRST SEPARATE DEFENSE

Defendants reserve the right at or before trial to assert additional defenses if it is later determined that they would be appropriate. Defendants also reserve the right at or before trial to move to dismiss the pleading of Plaintiff and/or for summary judgment on the ground that the pleading of Plaintiff fails to state a claim upon which relief can be granted and/or Defendants are entitled to judgment as a matter of law based upon any or all of the above defenses.

## CROSS CLAIM

Defendants, Copper River Salon, LLC and Barbara Weigand by way of cross claim against co-Defendants, Robert Cumming, Vanya Burke Tyrrell, John Does #1-5, and John Does #6-10 says as follows:

## FIRST COUNT

1. Defendants incorporate herewith each and all of the allegations of the First Amended Complaint filed by Plaintiff in this action.

2. Defendants as Cross-Complainants have incurred and continue to incur attorney's fees, court costs, investigative costs and other costs in connection with defending the said First Amended Complaint, the exact amount of which is unknown at this time. When

the same as been ascertained, Cross-Complainants will seek leave of Court to amend this Cross Complaint to set forth the true nature and amount of said costs and expenses.

3. If Cross-Complainants are held liable and responsible to Plaintiff for damages as alleged in the First Amended Complaint, it will be due solely to the conduct of Cross-Defendants and each of them as herein alleged. Therefore, Cross-Complainants are entitled to be indemnified by said Cross-Defendants and each of them should such liability arise.

4. If Cross-Complainants are held liable or responsible to the Plaintiff for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of the Cross-Defendants and each of them.

5. Cross-Complainants are entitled to complete indemnification by said Cross-Defendants and each of them for any sum or sums for which Cross-Complainants may be adjudicated liable to Plaintiff with costs of defense, cost of suit and reasonable attorney's fees incurred therefrom.

## SECOND COUNT

6. Cross-Complainants incorporate the preceding paragraphs of this Cross Claim as if set forth at length therein.

7. Cross-Complainants contend that each are in no way legally responsible for the events giving rise to Plaintiff's causes of action or legally responsible in any other manner for the damages allegedly sustained by Plaintiff. However, if as a result of the matters alleged in Plaintiff's First Amended Complaint, these Cross-Complainants are held liable for all or any part of the claim or damages asserted against each Cross-

Complainant, by the Plaintiff, Cross-Defendants and each of them to the extend that their fault was a proximate cause of Plaintiff's damages and/or losses, are responsible for said damages and/or losses in proportion to each Cross-Defendants' comparative negligence and these Cross-Complainants are entitled to determination of several liability.

8. By reasons of the foregoing, Cross-Complainants are entitled to indemnity from Cross-Defendants and each of them for all costs, fees, expenses, settlements and judgments paid and incurred by Cross-Complainants in connection with this litigation.

## THIRD COUNT

9. Cross-Complainants incorporate the preceding paragraphs of this Cross Claim as if set forth at length therein.

10. An actual controversy has arisen between the Cross-Complainants and the Cross-Defendants and each of them with respect to the rights, obligations, and the duties of the parties. Cross-Complainants contend that each is without fault, responsibility or blame for any of the damages for which Plaintiff may have suffered is not attributable to Cross-Complainants. To the extent any of the wrongful acts or omissions were committed by Cross-Defendants and not Cross-Complainants, Cross-Complainants contend that each is entitled to indemnity from Cross-Defendants and each of them.

11. By reason of the foregoing, Cross-Defendants and each of them are responsible and liable for any such damages in direct proportion to the extent of their alleged acts or omissions in bringing about the damages of Plaintiff. If Cross-Complainants are found to be responsible for any of the damages of Plaintiff, then Cross-Complainants are entitled to judgment over and against Cross-Defendants and each of them in an amount

proportionate to the amount of the Cross-Complainants' responsibility for such damages that exceed Cross-Complainants' portion of responsibility if any.

## FOURTH COUNT

12. Cross-Complainants incorporate the preceding paragraphs of this Cross Claim as if set forth at length therein.

13. Cross-Complainants contend that neither is in any way legally responsible for the damages alleged by Plaintiff. However, if as a result of the matters alleged by Plaintiff, Cross-Complainants are held liable for all or any part of Plaintiff's alleged damages, Cross-Defendants herein and each of them to the extent that their fault is determined by the Court, are obligated to reimburse and are liable to the Cross-Complainants for any and all liability so assessed by way of contribution and the Cross-Complainants accordingly assert such right to contribution.

WHEREFORE, Cross-Complainants pray for judgment as follows (a) for declaration of Cross-Complainants' rights and duties; (b) for an order of the Court declaring that the percentage of fault, if any, between Cross-Complainants and Cross-Defendants and each of them for damages and losses allegedly caused to Plaintiff; (c) for an order of the Court awarding judgment in favor of Cross-Complainants against the Cross-Defendants and each of them based upon the relative percentage of fault for each party including the Plaintiff; (d) for an order of this Court that the Cross-Complainants are entitled to be fully indemnified by Cross-Defendants and each of them for any and all settlements or compromises and/or judgments entered into by the Cross-Complainants as a result of this

action; (e) for attorney's fees, court costs, investigative costs and other expenses incurred in the defense of the Complaint according to proof; and (f) for such other and further relief as the Court may deem just and proper.

## REQUEST FOR STATEMENT OF DAMAGES

A written statement of the amount of damages claimed is hereby requested pursuant to New Jersey Court Rule 4:5-2 within five (5) days of service.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE THAT pursuant to R. 4:25-4, James P. Manahan, Esquire is hereby designated trial counsel in this litigation on behalf of the Defendants, Copper River Salon, LLC and Barbara Weigand.

## CERTIFICATION OF COUNSEL

I am the attorney for the Answering Defendants, Copper River Salon, LLC and Barbara Weigand in the above-entitled matter. I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

This responsive pleading was served and filed within the time required by the NJ Court Rules.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that, upon their initial review of this matter, the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, that no other action or arbitration proceeding is currently contemplated and that they are unaware of any other parties who currently should be joined to this action.

**Bernstein & Manahan, LLC**
*Attorneys for Defendants, Copper River Salon, LLC and Barbara Weigand*

*James P. Manahan*

Dated: 01/25/2021