# EXHIBIT C

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-002151-20

**Case Caption:** APARICIO EVELIN  VS COPPER RIVER
SALON,  LLC

**Case Initiation Date:** 11/24/2020

**Attorney Name:** ROGER C MARTINDELL

**Firm Name:** ROGER C. MARTINDELL

**Address:** 245 NASSAU STREET

PRINCETON NJ 08540

**Phone:** 6099213355

**Name of Party:** PLAINTIFF : Aparicio, Evelin

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Evelin Aparicio? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES
        **If yes, for what language:**
        SPANISH

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/24/2020                                                              **/s/ ROGER C MARTINDELL**
Dated                                                                                        Signed

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   NOVEMBER 24, 2020
                    RE:     APARICIO EVELIN  VS COPPER RIVER SALON,  LLC
                    DOCKET: MER L -002151 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD


     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      050
AT:  (609) 571-4200 EXT 74432.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: ROGER C. MARTINDELL
                         ROGER C. MARTINDELL
                         245 NASSAU STREET
                         PRINCETON        NJ 08540


ECOURTS

Roger Martindell
Attorney at law ID # 025391978
245 Nassau Street
Princeton, NJ 08540
609-921-3355
609-921-9345 (fax)
martindell.law@gmail.com

*Attorney for Plaintiffs*

---

| | |
|---|---|
| EVELIN APARICIO, individually and on behalf of all similarly situated present and former employees of the defendants herein, pursuant to <u>N.J.S.A.</u> 34:11-56a25 and 29 <u>U.S.C.</u> § 216(b), | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MERCER COUNTY |
| | Docket No. MER-L-2151-20 |
| Plaintiffs, | |
| vs. | <u>Civil Action</u> |
| | *SUMMONS* |
| COPPER RIVER SALON, LLC; BARBARA WEIGAND, ROBERT CUMMING, VANYA BURKE TYRRELL, JOHN DOES ## 1-5, AND JOHN DOES ## 6-10, jointly, severally, and individually, | |
| Defendants. | |

---

STATE OF NEW JERSEY, TO:

Ms. Vanya Burke Tyrrell
Vanya Tyrrell Accounting Services
2019 Edgely Road
Levittown, PA 19057

The Plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it (A directory of

the addresses of each deputy clerk of the Superior Court is available in the Civil Division
Management Office in the county listed above and online at:
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

If the complaint is one in foreclosure, then you must file your written answer or motion
and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971,
Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a
completed Case Information Statement (available from the deputy clerk of the Superior Court)
must accompany your answer or motion when it is filed. You must also send a copy of your
answer or motion to plaintiffs' attorney whose name and address appear above, or to
plaintiffs, if no attorney is named above.  A telephone call will not protect your rights; you
must file and serve a written answer or motion (with fee of $175.00 and completed Case
Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may
enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.
If judgment is entered against you, the Sheriff may seize your money, wages or property to
pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county
where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-
888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance,
you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A
directory with contact information for local Legal Services Offices and Lawyer Referral
Services is attached to this Summons and is also available in the Civil Division Management
Office in the county listed above and online at:
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Si usted no tiene abogado, puede llamar a 908-685-2323 a la Asociación de Abogados
del Condado.  Si usted no puede pagar a un abogado, usted puede llamar al Servicios Legales
a 908-231-0840.

WITNESS, Michelle Smith, Clerk to the Court.

/s/ Michelle Smith

Michelle Smith, Clerk to the Court

Dated:  January 4, 2021

Roger Martindell
Attorney at law ID # 025391978
245 Nassau Street
Princeton, NJ 08540
609-921-3355
609-921-9345 (fax)
martindell.law@gmail.com

*Attorney for Plaintiffs*

---

EVELIN APARICIO, individually and on
behalf of all similarly situated present
and former employees of the defendants
herein, pursuant to N.J.S.A. 34:11-56a25
and 29 U.S.C. § 216(b),

     Plaintiffs,

     vs.

COPPER RIVER SALON, LLC; BARBARA
WEIGAND, ROBERT CUMMING, VANYA
BURKE TYRRELL, JOHN DOES ## 1-5, AND
JOHN DOES ## 6-10, jointly, severally,
and individually,

     Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - MERCER COUNTY

Docket No. MER-L-2151-20

Civil Action

**FIRST AMENDED
COLLECTIVE ACTION
COMPLAINT & JURY DEMAND**

---

Evelin Aparicio (hereinafter "Plaintiff") on behalf of herself and, pursuant to

N.J.S.A. 34:11-56a25 and 29 U.S.C. § 216(b), all present and former similarly situated

employees of Copper River Salon, LLC, Robert Cumming, Vanya Burke Tyrrell, John

Does ## 1-5, and John Does ## 6-10, (collectively "Defendants"), by way of this First

Amended Collective Action Complaint against the Defendants, says:

## Count I

### (Violation of the of the New Jersey Wage and Hour Law)

1. At all relevant times, Defendant Copper River Salon, LLC [the "Company"], d/b/a/ "Copper River Salon & Spa," owned, controlled, operated and/or managed a salon/spa located at 6 Moore Street, Princeton, New Jersey 08540.

2. On information and belief, at all relevant times, Barbara Weigand was the sole member of the Company and functioned as its chief operating officer and manager of the salon.

3. John Doe Defendants ## 1-5, whose identities are unknown at this time, are fictitious names of persons or entities who at all relevant times were also members, officers, and/or managers of the Company who were in control of hiring, firing, supervising, managing, paying wages to, and providing payroll services and retirement counseling services to Plaintiff and other employees of the Company similarly situated to Plaintiff.

4. At all relevant times, Barbara Weigand and Defendants ##1-5 [hereinafter referred to collectively as the "Company Defendants"] were "employers" responsible for accurately reporting and making legally required payment of wages to employees of the Company pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. ("NJWPL"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJW&HL"), and the Fair Labor Standards Act, 29 U.S.A. § 201 et seq. ("FLSA"), and the administrative regulations adopted pursuant to all of the foregoing statutory schemes.

2

5.  At all relevant times, Robert Cumming acted with or on behalf of LPL Financial, LLC to provide financial services to the Company and/or Barbara Weigand, including the development of one or more Company employee retirement plan(s).

6. At all relevant times, Vanya Burke Tyrrell acted to provide accounting and bookkeeping services to the Company and/or Barbara Weigand, including, but not limited to, among other things, payroll services and the funding of one or more Company employee retirement plan(s).

7. John Doe Defendants ## 6-10, whose identities are unknown at this time, are fictitious names of persons or entities who participated in and/or were responsible for the forming, selling, funding, and accounting for one or more employee retirement plan(s) in which Company employees were purportedly enrolled and in respect to which the Company took deductions from the employees' paychecks to fund the plan(s). [Robert Cumming, Vanya Burke Tyrrell, and John Doe Defendants ## 6-10 are hereinafter collectively referred to as the "Plan Defendants"].

8.  Beginning in about December 2016, and continuing through February 2020, Plaintiff was employed as a hair stylist and was compensated for her work by the Company Defendants.

9.  At all relevant times, the Company Defendants employed other persons in its salon/spa as hair stylists, manicurists, facialists, masseuses, etc., and other providers of salon/spa functions, compensating them for their work also.

10.  Upon information and belief, at all relevant times the Company Defendants failed to provide their employees with a true and complete statement of hours worked, wages paid, and deductions taken, in violation of the legal

3

requirements set forth in the NJWPL, the NJW&HL, and the FLSA, and the
administrative regulations adopted pursuant to said statutory schemes.

11. For example, the Company Defendants paid their workers by check, but
the checks failed to state the number of hours the employees worked, the rate of
hourly compensation for the particular employees for whose benefit the checks were
drawn, or the nature of the deductions taken from the employees' gross pay,
including deductions for employee contributions to one or more alleged employment
retirement plan(s).

12. Upon information and belief, the Company Defendants did not pay Plaintiff
according to the legally required minimum wage, pursuant to the NJW&HL and the
administrative regulations adopted pursuant thereto, and Defendants are liable to
Plaintiff therefor, pursuant to N.J.S.A. 34:11-56a et seq.

13. Upon information and belief, the Company Defendants did not pay Plaintiff
according to the legally required overtime rate of pay, pursuant to the NJW&HL and
the administrative regulations adopted pursuant thereto, and Defendants are liable to
Plaintiff therefor, pursuant to N.J.S.A. 34:11-56a et seq.

14. In or about February, 2020, Plaintiff terminated her employment with the
Company Defendants.

15. Upon her termination of employment, Plaintiff requested disbursement of
funds from her Company-sponsored retirement plan, but the Company Defendants
failed to account to Plaintiff for pay deducted from her paycheck to fund the plan,
failed to provide Plaintiff access to the plan and its benefits, and failed to reimburse

4

Plaintiff for moneys the Company Defendants deducted from Plaintiff's paycheck to fund the plan purportedly created for her benefit.

16.  Upon information and belief, other employees of the Company Defendants who had enrolled in the Company's retirement plan(s), and whose paychecks were reduced by deductions taken by the Company purportedly to fund the employee retirement plans, also received no access to their plans and benefits, no accounting from the Company regarding their retirement plan(s), and, upon their retirement or termination of employment with the Company, they received no benefits from the plan(s).

## Count II

## ON BEHALF OF SIMILARLY SITUATED EMPLOYEES

### (Violation of the Wage Provisions of the New Jersey Wage and Hour Law, <u>N.J.S.A.</u> 34:11-56a25)

17.  Plaintiff repeats the allegations of Count I as if more fully set forth herein.

18.  At all relevant times, Defendants employed other employees similarly situated to Plaintiff and likewise failed to compensate such other employees according to the legally required minimum wage and legally required overtime pay under the NJW&HL, for which Defendants are liable to Plaintiff therefor, pursuant to <u>N.J.S.A.</u> 34:11-56a25.

## Count III

### (Violation of the New Jersey Wage Payment Law, <u>N.J.S.A.</u> 34:11-4.1 <u>et seq</u>.)

19. Plaintiff repeats the allegations of Count I and Count II, as if more fully set forth herein.

5

20. By failing to provide Plaintiff and similarly situated employees with accurate wage statements showing their hours of work, their gross wages, their net wages, and an itemization of deductions from their gross wages, including deductions for contributions to their retirement plan(s), Defendants violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq., and Defendants are liable for the statutory penalties and damages resulting therefrom.

## Count IV

**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**

21. Plaintiff repeats the allegations of Count I, Count II, and Count III, as if more fully set forth herein.

22. During Plaintiff's employment by the Company Defendants, the Company Defendants failed to pay Plaintiff the legally required minimum wage prescribed by 29 U.S.C. § 206(a)(1)(C), and the administrative regulations adopted pursuant thereto, and the Company Defendants are liable to Plaintiff therefor pursuant to 29 U.S.C. § 216(b).

23. During Plaintiff's employment by the Company Defendants, the Company Defendants failed to pay Plaintiff the legally required overtime rate of pay for hours Plaintiff worked over 40 per week, as prescribed by 29 U.S.C. § 207(a)(1), and the Company Defendants are liable to Plaintiff therefor pursuant to 29 U.S.C. § 216(b).

24. Defendants also failed to provide Plaintiff with accurate wage statements showing their hours of work, their gross wages, their net wages, and an itemization of deductions from their gross wages, as prescribed by 29 U.S.C. § 211(c) and the

6

administrative regulations adopted pursuant thereto, and Defendants are liable to Plaintiff therefor.

## Count V

### ON BEHALF OF SIMILARLY SITUATED EMPLOYEES

**(Violations of the Fair Labor Standards Act,
Pursuant to 29 U.S.C. § 201 et seq.)**

25. Plaintiff repeats the allegations of Count I, Count II, Count III, and Count IV, as if more fully set forth herein.

26. On information and belief, the Company Defendants failed to pay to Plaintiff's and her similarly situated Company employees the legally required minimum wage prescribed by 29 U.S.C. § 206(a)(1)(C), and the Company Defendants also failed to pay to Plaintiff and her similarly situated Company employees the legally required overtime rate of pay prescribed by 29 U.S.C. § 207(a)(1), and therefore, pursuant to 29 U.S.C. § 216(b), the Company Defendants are liable to Plaintiff and her similarly situated employees therefor.

27. On information and belief, the Company Defendants also failed to provide Plaintiff and her similarly situated Company employees with accurate wage statements showing their hours of work, their gross wages, their net wages, and an itemization of deductions from their gross wages as prescribed by 29 U.S.C. § 211(c), and the Company Defendants are liable to Plaintiff therefor.

7

## Count VI

### (Legal and Equitable Fraud)

28.     Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, and Count V, as if more fully set forth herein.

29.  The Company Defendants and/or the Plan Defendants misrepresented to Plaintiff, and to all employees similarly situated to Plaintiff, that the Company Defendants had the intention (a) to pay their employees the legally required minimum wage, (b) to pay their employees the legally required overtime rate of pay, (c) to provide a retirement plan for Plaintiff and her similarly situated Company employees, and (d) to allow Plaintiff and her similarly situated Company employees to contribute to a retirement plan by deductions from their paychecks, and to do so in accordance with the legally required documentation of payment and rules and regulations governing retirement plans, when, in fact, the Company Defendants and the Plan Defendants had no such intention.

30.  The Company Defendants and/or the Plan Defendants made the foregoing misrepresentations with the intention that Plaintiff, and her similarly situated Company employees, would rely on the misrepresentations.

31.  Plaintiff and her similarly situated employees did in fact rely on the misrepresentations to their damage when the Company Defendants and Plan Defendants refused to pay to said employees the legally required wage rates and legally required overtime rates of pay, failed to provide a retirement plan for said employees, and failed to deliver to said employees the benefits of their retirement plan(s), as required by law.

8

32. The Company Defendants and/or the Plan Defendants are liable to Plaintiff and her similarly situated Company employees for legal and equitable fraud.

## Count VII

**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq.)**

33. Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, Count V, and Count VI, as if more fully set forth herein.

34. The Company Defendants and/or the Plan Defendants offered for sale the disputed retirement plan(s) and promised distributions therefrom as part of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or as part of the knowing concealment, suppression, or omission of a material fact with the intent that Plaintiff and her similarly situated Company employees rely upon such concealment, suppression, or omission.

35. Specifically, over the period of many months, the Company Defendants and/or the Plan Defendants advertised, marketed, sold, and purported to implement a retirement plan for the employees of the Company Defendants, then solicited and obtained from such employees' authorization to make deductions from the employees' paychecks, ostensibly to fund the employees' retirement plan(s).

36. After collecting said funds, instead of depositing the funds into the employees' retirement plan accounts, the Company Defendants and/or the Plan Defendants withheld the funds from the employees' retirement plan accounts and used the funds for the benefit of the Company Defendants and/or the Plan Defendants only.

9

37. The Company Defendants and the Plan Defendants are liable to Plaintiff, and to all similarly situated employees of Company Defendants, for violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq.

## Count VIII

### (Conversion)

38. Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, Count V, Count VI, and Count VII, as if more fully set forth herein.

39. The Company Defendants and/or the Plan Defendants are liable to Plaintiff, and to her similarly situated Company, for conversion.

## Count IX

### (Breach of Fiduciary Duty)

40. Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII, and Count VIII, as if more fully set forth herein.

41. The Company Defendants and/or the Plan Defendants had a fiduciary relationship with Plaintiff and her similarly situated Company employees as the payor of the employees' employment compensation and retirement benefits, as retirement counselors for the employees, and as stewards and/or responsible agents of the Company employee retirement plan(s). As such, the Company Defendants and/or Plan Defendants owed a fiduciary duty to the Company employees, including Plaintiff, when they solicited retirement trust funds from the employees of the Company Defendants for the purpose of aiding the employees to plan and save for their retirement.

10

42.  The Company Defendants and/or the Plan Defendants breached their
fiduciary duty to said employees by withholding funds deducted from the
compensation of the employees and diverting those funds to the exclusive use of the
Company Defendants and/or the Plan Defendants.

43.  The Company Defendants and/or the Plan Defendants are liable to
Plaintiff, and to all similarly situated employees of Company Defendants, for breach
of fiduciary duty.

## Count X

## (Breach of Contract)

44.  Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV,
Count V, Count VI, Count VII, Count VIII, and Count IX, as if more fully set forth
herein.

45.  Plaintiff and her similarly situated Company employees contracted with
the Company Defendants and/or the Plan Defendants pursuant to which the
employees agreed to allow the Company Defendants to withhold payment of
compensation to the employees in exchange for the Company Defendants and/or the
Plan Defendants creating individual retirement accounts for each employee.  Said
employees did so on the understanding and condition that the Company Defendants
and/or Plan Defendants would deposit the employees' withheld earnings into
retirement trusts for the employees.

46.  The Company Defendants and/or the Plan Defendants breached their
agreement with the Company Defendant employees by withholding the employees'
compensation as a retirement fund "deduction" but then, instead of paying the

11

compensation into a retirement trust fund for the benefit of the Company
Defendants' employees, the Company Defendants and/or Plan Defendants used the
withheld funds exclusively for their own purposes, failing to credit such funds to the
retirement account of any employee.

47. By such diversion of retirement funds, the Company Defendants and Plan
Defendants breached their contract with the employees of the Company Defendants,
including Plaintiff, to their damage.

**Count XI**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

48. Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV,
Count V, Count VI, Count VII, Count VIII, Count IX, and Count X, as if more fully set
forth herein.

49. The Company Defendants and/or the Plan Defendants withheld funds from
Plaintiff and her similarly situated Company employees, doing so for no benefit to the
employees, no legitimate purpose, and with bad motive and intention to deprive said
employees of their earned compensation so that the Company Defendants and/or Plan
Defendants could have exclusive use of the funds of which the employees were
deprived.

50. The Company Defendants and/or the Plan Defendants are liable to the
Plaintiff and her fellow employees of the Company Defendants for breach of the
implied covenant of good faith and fair dealing.

12

## Count XII

## (Negligent Misrepresentation)

51.  Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII, Count VIII, Count IX, Count X, Count XI, as if more fully set forth herein.

52.  The Company Defendants and/or the Plan Defendant made incorrect and misleading statements concerning their intentions to develop and implement retirement plans for Company employees on which Plaintiff and her similarly situated Company employees justifiably relied, to their economic damage, and the Company Defendants and/or Plan Defendants are therefore liable to Plaintiff and similarly situated Company employees for negligent misrepresentation.

## Count XIII

## (Unjust Enrichment)

53.  Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII, Count VIII, Count IX, Count X, Count XI, and Count XII, as if more fully set forth herein.

54.  The Company Defendants and/or the Plan Defendants unlawfully obtained funds of the Plaintiff and her similarly situated employees of the Company Defendants and wrongfully retained and used said funds for the advantage of the Company Defendants and/or the Plan Defendants, to the exclusion of the Plaintiff and her similarly situated employees.

13

55.  The Company Defendants and/or Plan Defendants are liable to Plaintiff, and to all employees of the Company Defendants similarly situated to Plaintiff, under the equitable doctrine of unjust enrichment.

### Count XIV

### (Restitution)

56.  Plaintiff repeats the allegations of Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII, Count VIII, Count IX, Count X, Count XI, and Count XII, and Count XIII, as if more fully set forth herein.

57.  The Company Defendants and/or the Plan Defendants are liable to Plaintiff, and to her similarly situated Company employees, under the equitable doctrine of restitution.

WHEREFOR, Plaintiff, Evelin Aparicio, on behalf of herself and all similarly situated employees of the Company Defendants, demands judgment against Barbara Weigand, Robert Cumming, Vanya Burke Tyrrell, John Does ## 1-5, and John Does ## 6-10, jointly, severally, and individually, as follows:

A.  Statutory damages;

B.  Statutory penalties, including those pursuant to N.J.S.A. 34:11-4.10, and 29 U.S.C. § 215;

C.  Liquidated damages pursuant to N.J.S.A. 34:11-56a25 and 29 U.S.C. § 216(b);

D.  Compensatory damages;

14

E. Consequential damages, including lost earnings and profits and adverse tax consequences to Plaintiff and similarly situated Company Defendants' employees insofar as they may be liable for taxes on moneys paid to them pursuant to this demand that they would not have been liable for had they been timely paid their retirement benefits according to law;

F. Punitive damages;

G. Nominal damages;

H. Requiring the Company Defendants' to account to Plaintiff and similarly situated employees regarding the Company Defendants' under-payment of legally required wages, both at regular rates and overtime rates;

I. Requiring the Company Defendant and the Plan Defendants to account to Plaintiff and similarly situated employees regarding the Company Defendants' and the Plan Defendants' failure to distribute funds deducted from the Company Defendants' employees for funds taken from them to fund retirement plans that did not exist;

J. Requiring the Company Defendants and the Plan Defendants to Disgorge funds unlawfully obtained by them from Plaintiff and similarly situated employees of the Company Defendants;

K. Temporarily restraining and permanently enjoining Defendants from violating the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et seq., the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq.;

L. Pre- and post-judgment interest;

M. Attorney fees and costs, including attorney fees mandated by statute;

N. Such other relief as the Court may deem just and reasonable in the circumstances.


s/ Roger Martindell
_____


Dated:  January 4, 2021


15

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands trial by jury on all issues triable by jury.

*s/ Roger Martindell*

_____

*Attorney for Plaintiffs*

Dated: January 4, 2021

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that to my knowledge there is no other action in any court or any arbitration proceeding, pending or contemplated, concerning the subject matter of the within matter in controversy.

I hereby certify that all parties presently known to Plaintiffs are named and identified in the action filed herein.

*s/ Roger Martindell*

_____

*Attorney for Plaintiffs*

Dated: January 4, 2021

## NOTICE TO THE ATTORNEY GENERAL OF NEW JERSEY PURSUANT TO N.J.S.A 56:8-20

**(Employer's fraud by deducting from employees' paychecks "contributions" to a non-existent retirement plan)**

Notice is hereby given to the Attorney General of New Jersey, pursuant to N.J.S.A. 56:8-20, of the pendency of this Action which alleges violations of the Consumer Fraud Act, N.J.S.A. 56:8-2 et seq., that the defendant employer, Copper River Salon, LLC, a New Jersey limited liability company, defrauded its employees by deducting from their pay checks "contributions" to a company retirement plan that did not exist and refused to reimburse the employees for the deductions.

*s/ Roger Martindell*

_____

*Attorney for Plaintiffs*

Dated: January 4, 2021

16